GAUDIN, Judge.
Ellis Kitchen was convicted of attempted forcible rape and sentenced to five years at hard labor with one year to be served without benefit of parole, probation or suspension of sentence.
He assigned four district court errors on appeal but only two were briefed and argued. The duly assigned errors properly before this Court are:
(1) Kitchen’s contention that the evidence was not sufficient to justify a guilty verdict, and
(2) His suggestion that there are errors patent on the face of the record.
Finding these assignments of error without substance, we affirm appellant’s conviction and sentence.
On April 4, 1986, Kitchen allegedly assaulted a woman in her automobile. He pulled off her pantyhose, choked the victim and told her that if she resisted further he would rape her by force.
The victim began talking to Kitchen and convinced him that she was willing but that she’d rather go to her apartment. Kitchen allowed the woman to drive to her apartment and into the parking lot, where she saw her brother-in-law and one of his friends. She drove up next to them and exited the car. She was, however, unable to speak and Kitchen got out of the vehicle and made a getaway.
By the time the victim managed to explain to her brother-in-law what had happened, Kitchen was gone.
The victim gave a statement and a description of Kitchen to a police officer. Subsequently, Kitchen was identified in a lineup.
At trial, the prosecution produced the victim, the victim’s brother-in-law and his friend and a police officer. Eleven of the jurors were convinced that the state had proven all elements of attempted forcible rape beyond a reasonable doubt. Forcible rape, LSA-R.S. 14:42.1, is:
“Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”
*1130 According to LSA-R.S. 14:27, any person who, having a specific intent to commit a crime, does or omits an act for the purpose of, and tending directly toward, the accomplishing of his object is guilty of an attempt to commit the offense intended, and it shall be immaterial whether, under the circumstances he would have actually accomplished his purpose.
The victim testified that she realized she could not physically cope with or escape from Kitchen in the automobile, so she asked him to go to her apartment. The victim said she “... was really scared ...” and that she “... just had to get out of this situation any way I could ... I couldn’t get out of the car ... I knew I would have a better chance there (at the apartment) than in the car.” Kitchen was described by the victim as “... real aggressive. I thought he was real crazy. He was crazy acting. His eyes looked real wild. He was really scary looking.” The victim added that she was very much afraid.
Both the victim’s brother-in-law and his friend identified Kitchen as the person who had driven into the parking lot with the victim.
Kitchen, citing State v. Raymo, 419 So.2d 858 (La.1982), argues that the evidence was lacking. As stated in Raymo and in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.
If the jurors believed the called witnesses, especially the victim, and apparently all but one of them did, the necessary elements of attempted forcible rape were established beyond reasonable doubt. Kitchen did not testify.
In evidence is a business card Kitchen gave to the victim before the attempted rape occurred. The card has Kitchen’s printed name and telephone numbers, home and business, on it. The victim and Kitchen had not known each other before the night in question.
The believability of the victim and other called witnesses was for the jury to consider. We will not disturb credibility findings unless clearly contrary to the evidence and here the evidence and testimony support the verdict.
We have examined the record for errors patent and there are none. Accordingly, Kitchen’s conviction and sentence are affirmed.
AFFIRMED.